NO. 07-08-0076-CR
NO. 07-08-0077-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 23, 2008
_____

ARNALDO ORTIZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 46th DISTRICT COURT OF WILBARGER COUNTY;

NOS. 10,937 and 11,009; HON. DAN MIKE BIRD, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Arnaldo Ortiz (appellant) appeals from two counts of aggravated sexual assault of a child. He filed his notices of appeal on February 1, 2008. The clerk's records were filed on February 27 and 28, 2008, and the reporter's records on March 25, 2008. However, the appeals were abated to the trial court on March 4, 2008, because appellant had not signed

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2008).

the trial court certification.  The amended certifications and supplemental clerk's records were filed on March 13, 2008.  On March 31, 2008, counsel for appellant filed a motion to withdraw, which was granted.  New counsel filed motions for extension of time to file a brief in each case on May 12, 2008, which motions were granted to June 9, 2008.  On June 10, 2008, second extension motions were filed and granted to June 30, 2008, with the admonition that no further extensions would be granted.  No brief or extension was filed with the Court.  On July 7, 2008, a letter was sent to appellant's attorney notifying him the briefs were overdue and that they or a response was due on July 17, 2008.  To date, no brief or extension motion has been filed in this Court.

Consequently, we abate the appeal and remand the cause to the 46th District Court (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant is indigent;

2.      whether appellant desires to prosecute the appeals; and

3.      whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file appellate briefs.  *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue the appeals, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal.  The

2

name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before August 11, 2008. Should additional time be needed to perform these tasks, the trial court may request same on or before August 11, 2008.

It is so ordered.

Per Curiam

Do not publish.